UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| DONALD J. HATCH, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 09-109-GFVT |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| ERIC WILSON, WARDEN, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

The Court considers the Petition for Reconsideration Pursuant to Fed. R. Civ. P. 60(b) [Record No. 15] filed by *pro se* petitioner Donald Hatch.[1]  Because Hatch has failed to satisfy the criteria for granting extraordinary post-judgment relief under Fed. R. Civ. P. 60(b), the Court will deny Hatch's motion for reconsideration.

**I.**

In 2008, Hatch was charged with violating Bureau of Prisons ("BOP") Code No. 112, "Use of Any Narcotic, Marijuana, Drugs, or Related Paraphernalia not Prescribed for the Individual."  A disciplinary hearing ensued at USP-McCreary on August 11, 2008.  The Disciplinary Hearing Officer ("DHO") found that based upon the greater weight of the evidence, Petitioner Hatch was guilty of committing the offense.  As part of the sanction, Hatch lost forty days of good-time credit [*Id.*, pp. 38-41].

---

[1] Petitioner Hatch is confined in the United States Penitentiary-McCreary ("USP-McCreary"), which is located in Pine Knot, Kentucky.

On April 1, 2009, Hatch filed the instant *pro se* Petition for a writ of habeas corpus under 28 U.S.C. § 2241 [Record No. 2]. He challenged his prison disciplinary conviction on due process grounds. He alleged that he was denied access to investigative material prior to the hearing and that several adverse rulings made by the DHO during the August 11, 2008 disciplinary hearing violated his due process rights. Specifically, Hatch alleged that he had been given inadequate notice of the disciplinary hearing; that he had been denied access to investigative documents prior to the hearing; that the DHO had refused to allow him to call certain witnesses on his behalf at the hearing; that the DHO was both investigator and finder-of-fact, and that the DHO refused to consider any of the arguments which he had offered in his defense, such as the argument that his urine sample had not been properly sealed in front of him and that he had been selectively prosecuted.

On September 3, 2009, the Court entered a Memorandum Opinion and Order ("the Opinion and Order") and Judgment denying Hatch's § 2241 petition [Record Nos. 11 and 12]. The Court explained that Hatch's Fifth Amendment rights had not been violated, and that he had in fact been afforded all of the due process to which he was entitled under *Wolff v. McDonnell*, 418 U.S. 539, 563-66, 94 S. Ct. 2963 (1974).

The Court noted that although Hatch questioned the truthfulness and adequacy of the evidence, there had been "some evidence" upon which to base the disciplinary conviction, which was all that was required under *Superintendent, Mass. Correctional Inst., Walpole v. Hill*, 472 U.S. 445, 455-56, 105 S. Ct. 2768, 2774, 86 L. Ed. 2d 356 (1985). The Court found that the DHO had "some evidence" in the form of the laboratory report documenting the discovery of opiates in Hatch's urine, and Officer Laridon's written statement as to the standard procedure he

used when collecting urine samples. Officer Laridon's statement said that based on the procedures he routinely employed, no irregularity would have or should have occurred while sealing and packaging Hatch's urine sample to deliver to the laboratory for analysis. As the Court noted, "A review of a decision of a prison disciplinary board does not involve a redetermination of an inmate's innocence or guilt. A district court merely ensures that a disciplinary decision is not arbitrary and does have evidentiary support." [*See* Opinion and Order, Record No. 11, p. 10, quoting *Superintendent v. Hill*, 472 U.S. at 445].

The Court also determined that the DHO's reliance on written statements, and his decision to deny Hatch's request to call three witnesses, was reasonable. The Court explained that under established case law, a prisoner does not have a constitutional right to confront and cross examine witnesses in a disciplinary hearing. *Wolff*, 418 U.S. at 567; *Silva v. Casey*, 992 F.2d 20, 22 (2d Cir. 1993). The Court concluded that although the DHO's Report could have been more precise in explaining that no live witness had been called at the hearing and that he instead relied solely upon written statements, his failure to make that fact completely clear was not an error of constitutional magnitude, given that errors made by prison officials in denying witness testimony at disciplinary hearings are subject to harmless error review.

The Court further determined that Hatch's challenge to that decision lacked merit because BOP PS 5270.07 provides that an inmate's questions are to be submitted in writing to the DHO, whereupon the DHO, *not* the inmate, questions the witness at the hearing. Based upon those considerations, the Court determined that Hatch's due process claim - - that he was prejudiced by the right to present and/or cross examine witnesses - - was speculative, conclusory, and without merit.

Finally, the Court concluded that based upon the documents Hatch had produced, he had received notice of the hearing in the time-frame prescribed by *Wolff*.

On October 5, 2009, Hatch filed a Notice of Appeal of the denial of his § 2241 petition [Record No. 13]. On October 9, 2009, the Court denied Hatch pauper status on appeal, noting that it had certified in the Judgment that any appeal would not be taken in good faith. The appeal is currently pending the Sixth Circuit Court of Appeals as Appellate Case No. 09-6214.

Hatch has now filed the instant "Petition" under Fed. R. Civ. P. 60(b), seeking reconsideration of the Opinion and Order three full weeks after filing the Notice of Appeal in this proceeding.[2] Hatch does not explain why he waited almost two months from date on which the Opinion and Order was entered, and three weeks from the date on which his Notice of Appeal was filed, to file his Rule 60(b) motion.

In his motion, Hatch disputes the relevant facts and again challenges the DHO's assessment of the evidence. He elaborates on why his confinement in a segregated housing unit prior to the hearing prejudiced his ability to adequately prepare for the disciplinary hearing. Hatch challenges the DHO's findings of fact and the sufficiency of the evidence upon which the DHO relied, and he argues that the Opinion and Order affirming the DHO's decision was wrong for the following reasons:

(1)  The Court evaluated his § 2241 petition under the wrong standard;

(2)  The Court erred by ruling that he did not have the right to call witnesses at his disciplinary hearing; by not requiring the DHO to explain or justify his ruling on the witness issue;

---

[2] While styled as a "*Petition* for Reconsideration," the Court treats the submission as a *motion* for reconsideration under Fed. R. Civ. P. 60(b).

4

and by finding that the DHO had not violated his right to due process of law;

    (3)    The Court failed to question or challenge the DHO's credibility determinations;

    (4)    The Court was misled by the manner in which the DHO had prepared the DHO report (specifically, the DHO's implication that witnesses had been called when they had not been called, and his implication that Hatch had a staff representative present at the hearing when he did not in fact have such assistance at the hearing);

    (5)    The Court misinterpreted certain aspects of the DHO Report and reached incorrect conclusions based on those misinterpretations; and

    (6)    The Court misinterpreted some of his legal arguments.

## II.

### A.

As noted, this case is currently on appeal. A timely notice of appeal normally will divest the district court of jurisdiction. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 74 L. Ed. 2d 225 (1982); *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993); *Workman v. Tate*, 958 F.2d 164, 167 (6th Cir. 1992). The Sixth Circuit has carved out an exception to this rule that allows a District Court to entertain a motion for relief from judgment after an appeal has been filed if it so chooses. *First National Bank of Salem, Ohio v. Hirsch*, 535 F.2d 343, 346 (6th Cir. 1976). Whether to hear this type of post-judgment motion while an appeal is pending is a decision within the district court's discretion, and there is no error where the district court decides to let the appeal run its course. *LSJ Investment Co. v. O.L.D., Inc.*, 167 F.3d 320, 324 (6th Cir. 1999).

The Court will exercise its discretion on this issue by addressing, and denying, Hatch's

Petition/Motion for Reconsideration on the merits.

**B.**

A district court will grant reconsideration only if the movant shows "(1) a clear error of law; (2) newly discovered evidence that was not previously available to the parties; or (3) an intervening change in controlling law." *Owner-Op. Indep. Drivers Ass'n v. Arctic Express*, 288 F. Supp. 2d 895, 900 (S.D. Ohio 2003) (citing *GenCorp v. AIU*, 178 F.3d 804, 834 (6th Cir. 1999)). Reconsideration may also be appropriate where the court fundamentally misapprehended the nature of the issues raised by the parties. *See Braxton v. Scott*, 905 F. Supp. 455, 457 (N.D. Ohio 1995).

A motion for reconsideration, however, is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have presented earlier. *See Smith v. Mt. Pleasant Pub. Schs.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). *See, e.g.*, *Prater v. Con-Rail*, 272 F. Supp. 2d 706, 710 (N.D. Ohio 2003) (denying reconsideration of order excluding physician's testimony, as movant could have presented evidence of his qualifications in opposing motion in limine but failed to do so). Though courts have considerable discretion in granting relief from judgment pursuant to Rule 60(b), a court's power is limited by public policy favoring the finality of judgments. *See Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001).

**C.**

Applying the standards of Rule 60(b), the Court must deny Hatch's motion. Hatch's claim that the Court used the wrong standard of review lacks merit and requires no further discussion.

As for his challenge to the other aspects of the Opinion and Order, Hatch again assails the sufficiency of the evidence against him at the disciplinary hearing and sets forth his detailed version of the facts of the investigation leading to the hearing. He again challenges the DHO's reliance on Officer Laridon's statement; the adequacy of Laridon's written statement; the entire process used to obtain his urine sample; and the refusal of prison officials to provide him with access to investigative documents in advance of the hearing.

In summary, Hatch's Rule 60(b) motion is both simply a restatement of the claims set forth in his § 2241 petition and a point-by-point challenge to the Opinion and Order. While Hatch is free to address these issues in his appellate brief, he has not demonstrated: (1) a clear error of law; (2) newly discovered evidence that was not previously available to the parties; or (3) an intervening change in controlling law, which is required by Fed. R. Civ. P. 60(b).

Hatch ignores the fact that there was "some evidence" upon which to base the disciplinary conviction, even if it was only in the form of written statements, and even if it was not as much and not as conclusive as would be required in a criminal prosecution. *See Superintendent v. Hill*, 472 U.S. 445, 455-56. A DHO is not required to base his finding on overwhelming or irrefutable proof of guilt. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. *See Wolff*, 418 U.S. at 556; *United States ex rel. Tisi v. Tod*, 264 U.S. 131, 133-134, 44 S. Ct. 260, 68 L. Ed. 590 (1924); *Willis v. Ciccone*, 506 F.2d 1011, 1018 (8th Cir. 1974). The threshold requirement of "some evidence" is a relatively low one.

Additionally Hatch continues to argue that he had a constitutional right to call witnesses, but he ignores the fact that a prisoner does not have a constitutional right to confront and cross

examine witnesses in a disciplinary hearing. *Wolff*, 418 U.S. at 567. He further ignores the Court's explanation, in the Opinion and Order, that he was not entitled to discovery and review of the documents contained in the investigative file prior to the hearing.

Hatch's motion does not convince the Court that any violation of his limited right to due process of law, defined by *Wolff*, occurred with respect to the hearing, the rulings made before, during or after the hearing, or the sanction imposed. Hatch has not set forth grounds which would justify reconsideration of, or the setting aside of, the Opinion and Order.

### III.

Accordingly, **IT IS ORDERED** as follows:

(1) The Petition/Motion for Reconsideration Pursuant to Fed. R. Civ. P. 60(b) [Record No. 15] filed by *pro se* petitioner Donald Hatch is **DENIED**.

(2) The Clerk of the Court is directed to transmit a copy of this Order to the Clerk of the Sixth Circuit Court of Appeals, referencing Appellate Case No. 09-6214.

This the 6th day of November, 2009.

Signed By:
*Gregory F. Van Tatenhove*
**United States District Judge**